UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21923-BLOOM

MARIO DYRELL GODHIGH,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

                                       /

**ORDER OF DISMISSAL**

**THIS CAUSE** is before the Court upon a *pro se* Petitioner Mario Dyrell Godhigh's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. [1] ("Petition"). Although the Petition was filed on the § 2254 form, Petitioner raises challenges to his conditions of confinement and claims he is in imminent danger. *See generally id.* The Court has reviewed the Petition, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed.

Petitioner complains that his civil rights are being violated due to illegal detention in administrative confinement. *Id.* at 10, 15. He seeks release "off this compound" and states he is in imminent danger because the officers spray inmates and remove mattresses from inmate cells. *Id.* at 5, 7, 15. Petitioner states that he has "allegations against midnight officers [L]ieutenant K. Duley and Officer R. Green and the Captain." *Id.* at 5. He states that he is scared to go on the compound, owing to two other inmates' allegations against the named officers for "being sprayed on April 2, 2021." *Id.* Petitioner also states that Duley lied and falsified a report stating that Petitioner was being disorderly. *Id.* Petitioner reports he told unnamed officers that he is "in fear for my life

around these officer[s] it's like they don't even care at all." *Id.* at 7.

Federal courts have an "obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Because Petitioner complains about the conditions of his confinement, the Court treats the Petition as a complaint under 42 U.S.C. § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside the "core" of habeas corpus and may be brought pursuant to § 1983 in the first instance.").

Section 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (citation omitted). "A three-striker cannot pay the filing fee after initiating suit as a retroactive cure." *Id.* (citation omitted).

A review of Petitioner's litigation history reveals he is a prolific *pro se* filer and a three-striker. *See Harmon v. Webster*, 263 F. App'x 844, 846 (11th Cir. 2008) (per curiam) (finding that complaints dismissed under 28 U.S.C. § 1915(e)(2)(B)(i), § 1915(e)(2)(B)(ii), and § 1915A(b)(1) for failure to state a claim or frivolity count as strikes). The Court takes judicial notice of the following "strikes" pursuant to Federal Rule of Evidence 201: *Godhigh v. New River*, No. 19-cv-

1410 (M.D. Fla. Dec. 10, 2019) (dismissing prisoner-Plaintiff's § 1983 complaint as frivolous), ECF No. [7]; *Godhigh v. State of Fla.*, No. 18-cv-24270 (S.D. Fla. Dec. 4, 2018) (dismissing prisoner-Plaintiff's § 1983 complaint for failure to state a claim). ECF No. [16]; *Godhigh v. State of Fla.*, No. 15-cv-22918 (S.D. Fla. Aug. 7, 2015) (recommending dismissal of prisoner-Plaintiff's complaint under §1915(g)), ECF No. [5], *adopting report and recommendation* (S.D. Fla. Aug. 25, 2015), ECF No. [6]; *Godhigh v. Dade Corr. Inst.*, No. 12-cv-24305 (S.D. Fla. Feb. 22, 2013) (dismissing pre-trial detainee's §1983 complaint for failure to state a claim), ECF No. [8]; *Godhigh v. LVS Sales*, No. 12-cv-23418 (S.D. Fla. Nov. 14, 2012) (dismissing pre-trial detainee's § 1983 complaint for failure to state a claim), ECF No. [8]. The Court also notes Plaintiff has previously filed § 1983 complaints that have been dismissed under § 1915(g). *See Godhigh v. Softness*, No. 21-cv-20421 (S.D. Fla. Feb. 2, 2021) (collecting cases).

Since Petitioner is a "three-striker" under § 1915(g), he is required to prepay the entire filing fee before the Court may consider the claims raised in his Petition. As a result of Petitioner's "three-striker" status, he is barred from proceeding *in forma pauperis* in this or any other federal court unless he can show that he was under "imminent danger of serious physical injury" at the time he filed the Petition. 28 U.S.C. § 1915(g). Petitioner's allegations are conclusory and largely unintelligible. Petitioner's claim that he and other inmates might suffer harm from prison staff is too speculative to warrant the imminent danger exception to the three-strikes provision. *See Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (per curiam) ("[A]ppellant's vague statements do not satisfy the dictates of § 1915(g)").

As Petitioner has had three or more strikes under § 1915(g) and his allegations do not warrant the imminent danger exception to dismissal, the Petition must be dismissed without prejudice.

Case No. 21-cv-21923-BLOOM

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner Mario Dyrell Godhigh's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, **ECF No. [1]**, is **DISMISSSED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 25, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Mario Dyrell Godhigh, *Pro Se*
#M28779
Charlotte Correctional Institution
Inmate Mail/Parcels
33123 Oil Well Road
Punta Gorda, FL 33955